**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JOEL TORRES MENDOZA, *individually and on behalf of others similarly situated*,<br><br>*Plaintiff*,<br><br>-against-<br><br>GEORGIA'S EASTSIDE BBQ, INC. (D/B/A GEORGIA'S EASTSIDE BBQ), ALAN J NATKIEL, and DAVID TENORIO,<br><br>*Defendants.* | 18-CV-04452 (VEC) (JLC)<br><br>**SETTLEMENT AGREEMENT**<br>**AND RELEASE** |

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiff Joel Torres Mendoza ("Plaintiff") on the one hand, and Georgia's Eastside BBQ (the "Defendant Corporation"), and Alan J. Natkiel (the "Individual Defendant") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-04452-VEC-JLC (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims identified in paragraph 2 of this Agreement Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Ten Thousand Dollars ($10,000) (the "Settlement Amount") to

be paid to Plaintiff's attorneys as follows:

    (a)    A check in the amount of Ten Thousand Dollars ($10,000.00) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within thirty (30) days of Court approval of the settlement of this matter and upon the signing of this Agreement and execution of a W-9 by Plaintiff's counsel, delivered to Plaintiff's counsel at their offices located at 60 East 42nd Street, Suite 4510, New York, New York 10165. Six Thousand Eight Hundred Dollars ($6,800.00) of the Settlement Amount shall go to Plaintiff, and Three Thousand Two Hundred Dollars ($3,200.00) of the Settlement Amount shall be allocated to Plaintiff's attorneys as attorneys' fees and costs..

    (b)    In the event of a breach of this Agreement by Defendants for Plaintiff's failure to receive the payment set forth in Paragraph 1a, Plaintiff, by his attorneys, shall send written notice of such breach by e-mail and first-class mail to Defendants' counsel, Helbraun & Levey LLC., 110 William Street, Suite 1410 New York, NY 10038, Attn: Lee N. Jacobs, Esq. Upon notice of such breach, Defendants shall have ten (10) business days to cure such breach. If such breach is not cured within ten (10) business days, Plaintiff shall be entitled to judgment for the Settlement Amount, prejudgment interest at the rate of 9% per annum from the date of breach, and attorneys' fees and interest.

    2.    <u>Release and Covenant Not To Sue</u>:  Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

    3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

    4.    <u>Dismissal of the Litigation</u>: Plaintiff shall file with the Court in this litigation, within seven (7) days of Court approval of the settlement of this matter, a Notice of Voluntary Dismissal with Prejudice. In the event that additional documentation is needed to terminate the Litigation, Plaintiff shall execute and submit all documents required to terminate such proceedings.

    5.    <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

6. <u>Acknowledgment</u>: Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and e-mail transmission thereof. Notice hereunder shall be delivered to:

Plaintiff:
Michael Faillace
Michael Faillace & Associates, P.C.
60 East 42nd Street
Suite 4510
New York, NY 10165
Tel: 212-317-1200
Fax: 212-317-1620
Email: michael@faillacelaw.com

Defendants:
Lee N. Jacobs
Helbraun & Levey LLP
110 William Street, Suite 1410
New York, NY 10038
Tel: 212-210-1193
Email: lee@helbraunlevey.com

8. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

9. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10. **Release Notification:** Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11. **Counterparts:** To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**Plaintiff:**

Date: 10/30/18    By: _____
                      Joel Torres Mendoza


**Defendants:**

Georgia's Eastside BBQ Inc. (d/b/a Georgia's Eastside BBQ)
By: _____
Print Name: alan natkiel    Date: 10/23/2018


Date: 10/23/2018    By: _____
                        Alan Natkiel